# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE 1, | ) | Civil Action No.: |
| 130 Bellflower Way | ) | |
| Madison, Ohio 44057, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | MAGISTRATE: |
| | ) | |
| v. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| MADISON LOCAL | ) | |
| SCHOOL DISTRICT, | ) | **JURY DEMAND ENDORSED HEREIN** |
| 1956 Red Bird Road | ) | |
| Madison, Ohio 44057, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MADISON HIGH SCHOOL, | ) | |
| 3100 Burns Road | ) | |
| Madison, Ohio 44057, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| SHAWN S. DOUGLAS, | ) | |
| President | ) | |
| Madison Local School Board | ) | |
| 1956 Red Bird Road | ) | |
| Madison, Ohio 44057, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ANGELA SMITH, | ) | |
| Superintendent | ) | |
| Madison Local School District | ) | |
| 1956 Red Bird Road | ) | |
| Madison, Ohio 44057, | ) | |
| | ) | |
| And | ) | |

1

| | |
|---|---|
| **THOMAS BRADY,** | ) |
| **Principal** | ) |
| **Madison High School** | ) |
| **3100 Burns Road** | ) |
| **Madison, Ohio 44057,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **AMY BOEPPLE,** | ) |
| **Assistant Principal** | ) |
| **Madison High School** | ) |
| **3100 Burns Road** | ) |
| **Madison, Ohio 44057,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **SCOTT HERALD,** | ) |
| **Assistant Principal** | ) |
| **Madison High School** | ) |
| **3100 Burns Road** | ) |
| **Madison, Ohio 44057,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **ASHLEY SNOWBERGER,** | ) |
| **Parent of Jane Doe 2** | ) |
| **210 Celia Lane** | ) |
| **Madison, Ohio 44057,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **NICOLE CLARKE,** | ) |
| **Parent of Jane Doe 3** | ) |
| **95 Palm Blvd.** | ) |
| **Madison, Ohio 44057,** | ) |
| | ) |
| **Defendants.** | ) |

Plaintiff, JANE DOE 1, hereby seeks judgment against Defendants and in support of her Complaint alleges as follows:

## NATURE OF THE ACTION

This action is filed to correct and remedy the actions and inactions of the Defendants, Madison Local School District ("MLSD"); Madison High School ("MHS"); President of Madison Local School Board Shawn S. Douglas ("Douglas"); Superintendent of Madison Local School

2

District Angela Smith ("Smith"); Principal of Madison High School Thomas Brady ("Brady"); Assistant Principal of Madison High School Amy Boepple ("Boepple"); Assistant Principal of Madison High School Scott Herald ("Herald"); Parent of Jane Doe 2 Ashley Snowberger, ("Snowberger") and, Parent of Jane Doe 3 Nicole Clarke, ("Clarke"), and to make the Plaintiff, Jane Doe 1, whole.

Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald failed to protect minor child Jane Doe 1 while in their purview, custody, and control as Plaintiff was violently attacked and beaten by Jane Doe 2 and Jane Doe 3, on the premises of MHS during school hours. The Plaintiff now brings charges under: 1) Count I for a Violation of Civil Rights/18 U.S.C. Section 241; 2) Count II for Felonious Assault/O.R.C. Sections 2903.11 and 2923.11; 3) Count III for Negligent Assault/O.R.C. Sections 2903.14 and 2901.22; 4) Count IV for Negligence; 5) Count V for Complicity/O.R.C. Section 2923.03; 6) Count VI for Disseminating Matter Harmful to Juveniles/O.R.C. Section 2907.31; and, finally, under Count VII under a Title IX Claim/20 U.S.C. Sections 1681–1688, as perpetrated against Plaintiff on May 22, 2024.

**THE PARTIES/ JURISDICTION AND VENUE**

1. This action arises under 18 U.S.C. Section 241 and 18 U.S.C. Section 2510(6); O.R.C. Sections 2903.11 and 2923.11; O.R.C. Sections 2903.14 and 2901.22; Ohio common law negligence; O.R.C. Section 2923.03; O.R.C. Section 2907.31; Title IX of the Education Amendments of 1972 promulgated as 20 U.S.C. Sections 1681–1688; and, Federal and Ohio common law. Jurisdiction of this matter arises under 28 U.S.C. Sections 1331 and 1338 with federal questions involving 18 U.S.C. Section 241, 18 U.S.C. Section 2510(6), and 20 U.S.C. Sections 1681–1688. An express grant of federal court jurisdiction over these federal claims is found in 18 U.S.C. Section 241, 18 U.S.C. Section 2510(6), and 20 U.S.C. Sections 1681–1688. Venue is predicated on 28 U.S.C. Section 1391(b).

2. The unlawful actions were committed in Lake County, Ohio.

3. Plaintiff, Jane Doe 1, was a student at Madison High School ("MHS") and resides at 130 Bellflower Way, Madison, Ohio 44057, and is subject to the jurisdiction of this Court.

4. On information and belief, at all times material to this action, Defendant, Madison Local School District ("MLSD"), is a public school district in Lake County, Ohio, and is subject to the jurisdiction of this Court.

3

5. On information and belief at all times material to this action, Defendant, Madison High School ("MHS"), is a public school located in Lake County, Ohio, and is subject to the jurisdiction of this Court.

6. On information and belief at all times material to this action, Defendant, Shawn S. Douglas ("Douglas"), is the president of the MLSD in Lake County, Ohio, and is subject to the jurisdiction of this Court.

7. On information and belief at all times material to this action, Defendant, Angela Smith ("Smith") is the superintendent of the MLSD in Lake County, Ohio, and is subject to the jurisdiction of this Court.

8. On information and belief at all times material to this action, Defendant, Thomas Brady ("Brady"), is the principal of MHS in Lake County, Ohio, and is subject to the jurisdiction of this Court.

9. On information and belief at all times material to this action, Defendant, Amy Boepple ("Boepple"), is the assistant principal of MHS in Lake County, Ohio, and is subject to the jurisdiction of this Court.

10. On information and belief at all times material to this action, Defendant, Scott Herald ("Herald"), is the assistant principal of MHS in Lake County, Ohio, and is subject to the jurisdiction of this Court.

11. On information and belief at all times material to this action, Defendant, Ashleigh Snowberger ("Snowberger"), is the parent of Jane Doe 2 who attends MHS in Lake County, Ohio, and who resides at 210 Celia Lane, Madison, Ohio 44057, and is therefore subject to the jurisdiction of this Court.

12. On information and belief at all times material to this action, Defendant, Nicole Clarke ("Clarke"), is the parent of Jane Doe 3 who attends MHS in Lake County, Ohio, and who resides at 95 Palm Blvd., Madison, Ohio 44057, and is therefore subject to the jurisdiction of this Court.

**EVENTS LEADING TO THE CONTROVERSY**

13. Plaintiff, Jane Doe 1 is a 16 year-old female high school student who was attending MHS. On May 22, 2024, Jane Doe 1 was violently and viciously attacked, without provocation, by two students, Jane Doe 2 and Jane Doe 3, who are minors and students at MHS, during school hours and on school premises resulting in various and sundry injuries caused by being severely

Case: 1:24-cv-01961 Doc #: 1 Filed: 11/08/24 5 of 14. PageID #: 5

assaulted, punched, kicked, and thrown against lockers and the floor with her head taking the brunt of the injuries. Jane Doe 1 was beaten so badly with a cell phone that her skull was cracked and she sustained a concussion.

14. Prior to the attack, Jane Doe 1 was repeatedly being stalked and threatened on social media, by Jane Doe 2 and Jane Doe 3, including but not limited to, the app Snapchat, ostensibly due to her appearance, sexual preference, and the fact that Plaintiff is a good student.

15. In the afternoon of May 22, 2024, Jane Doe 1 was using the restroom at MHS when she was confronted and accosted by Jane Doe 2 and Jane Doe 3, both of whom had bad intentions for Plaintiff. An audio recording made in the restroom indicates the students wanted to "end" the Plaintiff.

16. The felonious assault was initiated by Jane Doe 2 who is sixty (60) pounds and several inches larger than Plaintiff, while Jane Doe 3 filmed the felonious assault on a cell phone which was later posted to social media via Snapchat.

17. The plan was for the larger of the two (2), Jane Doe 2, to soften up Plaintiff, then Jane Doe 3 would jump in and finish the felonious assault and beatings. Thus, Jane Doe 2 started hitting Plaintiff in the MHS restroom, grabbed Plaintiff and dragged her out of the restroom, banged Plaintiff's head against the lockers in the MHS hallway, and bounced Plaintiff's head off the MHS hallway floor multiple times causing multiple injuries and concussion to Plaintiff.

18. With Plaintiff semi-conscious, Jane Doe 3 stopped filming the felonious assault and joined Jane Doe 2 in the felonious assault, jumping in to kick Plaintiff multiple times in the stomach and back as Plaintiff writhed on the floor helpless and in agony.

19. Realizing she was being "jumped," Plaintiff attempted to get up and run when Jane Doe 3 came up behind her and crushed Plaintiff in the head with a cell phone causing, *inter alia,* a cracked skull and a concussion. With Plaintiff leaking blood out of her head, subdued and semi-conscious, Jane Doe 3 then continued to hit and kick Plaintiff into submission.

20. Upon information and belief, the MHS faculty and/or staff may have had knowledge that Jane Doe 2 and Jane Doe 3 may have a propensity toward violence against Plaintiff as mentioned in a May 28, 2024 interview with the School Resource Officer ("SRO"), the Plaintiff, and Plaintiff's mother.

21. Shockingly, MHS, faculty, and staff failed to contact Emergency 911, or any EMT or hospital, after the felonious assault even though there was visible blood from Plaintiff's multiple

5

injuries on the floor. In addition, MHS video of the hallway shows a male staff member or teacher watching and doing nothing to halt the melee and beating. Finally, a female faculty member broke up the felonious assault.

22. Subsequent, to the felonious assault, Jane Doe 2 and Jane Doe 3 have alerted their neighborhood and classmates to harass and stalk the Plaintiff, which has included cars full of students driving by Plaintiff's home, honking car horns and shouting epithets at Plaintiff from the vehicles, and, more importantly, posting video(s) of the felonious assault to Snapchat on social media for public view as Jane Doe 2 and Jane Doe 3 shamelessly gloated in their stated goal.

23. Such illegal action by Jane Doe 2 and Jane Doe 3, including rallying the neighbors and students of MHS, has caused Plaintiff to not return to MHS for her continued education. Rather, Plaintiff is being home schooled for her safety. Furthermore, there is a strong possibility of Plaintiff's family selling their home and moving from the MHS school system into another school system to obtain safety, a proper education, and a high school experience. Moreover, Plaintiff is a good student.

24. In addition, on information and belief, Jane Doe 2 and Jane Doe 3 were to be suspended by MHS for their felonious assault and beatings levied upon Plaintiff, but MHS has taken no action against either of them for their deliberate, intentional, and heinous violent acts.

25. Therefore, due to the actions and inactions of Defendants, Plaintiff has been subjected to life altering negative experiences causing her physical and mental anguish, emotional scars, damages, and the continual living nightmares that Plaintiff shall carry for the rest of her life.

## COUNT I
### (VIOLATION OF CIVIL RIGHTS/18 U.S.C. Section 241/18 U.S.C. Section 2510(6))

26. Plaintiff realleges paragraphs 1 through 25 as though fully restated herein.

27. By their actions and inactions, the Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald, conspired to injure, suppress, threaten, or intimidate Jane Doe 1 into being unable to exercise or enjoy her constitutional rights. Specifically, the First Amendment to the Constitution of the United States guarantees not only the freedom of speech in public schools,[1] but also the right of assembly through peaceful, unarmed, assembly for legal purposes.

---

[1] See e.g., West Virginia State Board of Education v. Barnette, 319 U.S. 624 (1943).

28. By definition, civil rights are a class of rights that protect individuals' freedom from infringement by governments and private individuals and include ensuring peoples' physical and mental integrity, life, and safety, protection from discrimination, the right to privacy, the freedom of thought, speech, religion, press, assembly, and movement.

29. 18 U.S.C. Section 241 makes it unlawful for two or more persons to agree to injure, threaten, or intimidate a person in the United States in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States or because of his or her having exercised such a right.

30. The term "person" is defined in 18 U.S.C. Section 2510(6) to mean any individual person as well as natural and legal entities.

31. Jane Doe 2 and Jane Doe 3, while under the purview, custody, and control, of Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald, failed to ensure the physical and mental integrity, life, safety, movement of Plaintiff, and to protect Plaintiff from discrimination as guaranteed under the First Amendment.

32. The breadth and scope of the felonious assault and physical beating endured by Plaintiff in the MHS restroom and hallway, during school hours (approx. 1:30 in the afternoon on May 22, 2024), while being viewed by students and faculty and/or staff of MHS is unconscionable at best, and is a violation of Plaintiff's rights as guaranteed under the First Amendment as Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald failed to ensure the physical and mental integrity, life, safety, and movement of Plaintiff, and protect her from discrimination.

33. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff has suffered pecuniary and economic damages, extreme emotional distress, and anguish.

34. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff has suffered embarrassment, humiliation, loss of standing in the community, and other hardships.

35. As a direct and proximate result of Defendants' discriminatory actions, Jane Doe 1 has suffered and will continue to suffer, among other things, emotional trauma and physical impairment, entitling her to an award of compensatory and consequential damages, medical damages, punitive damages, attorneys' fees, and any other appropriate relief.

## COUNT II

### (FELONIOUS ASSAULT/O.R.C. SECTIONS 2903.11 AND 2923.11)

36. Plaintiff realleges paragraphs 1 through 35 as though fully restated herein.

37. While a student at MHS on May 22, 2024, Jane Doe 1 was assaulted and brutally beaten while on the premises of Defendant MHS by Jane Doe 2 and Jane Doe 3. During the violent and bloody felonious assault, a cell phone was used by Jane Doe 2 and Jane Doe 3 to crack the skull and seriously injure Jane Doe 1 so severely that the attack cracked her skull and caused Plaintiff to black out with a concussion.

38. Jane Doe 2 and Jane Doe 3 knowingly and recklessly caused serious harm by means of a deadly weapon or a dangerous ordnance as the cell phone used by Jane Doe 2 and Jane Doe 3 became an instrument, device, or thing capable of inflicting death and/or serious injury and that was possessed or used as a weapon by Jane Doe 2 and Jane Doe 3, causing serious bodily injury to the head and body of Jane Doe 1.

39. Jane Doe 1's physical and mental health were monumentally and negatively affected as Jane Doe 2 and Jane Doe 3's actions were knowing and reckless against Jane Doe 1 and, as such, Jane Doe 2 and Jane Doe 3 acted recklessly, wantonly, willfully, knowingly, intentionally, and with deliberate indifference, with a clear intent to seriously injure Plaintiff.

40. As a direct and proximate result of Jane Doe 2 and Jane Doe 3's actions, Plaintiff has suffered physical and emotional trauma, physical and emotional damages, anguish, medical and psychological damages, pecuniary and other economic damages.

41. As a direct and proximate result of Jane Doe 2 and Jane Doe 3's actions, Jane Doe 1 experienced severe emotional distress, physical harm and injury, personal and educational setbacks, anxiety, and fear, and has suffered embarrassment, humiliation, loss of standing in the community and other hardships.

42. As a direct and proximate result of Jane Doe 2 and Jane Doe 3's actions, Jane Doe 1 has suffered and will continue to suffer, among other things, emotional trauma and physical impairment, entitling her to an award of compensatory and consequential damages, medical damages, psychological damages, punitive damages, attorneys' fees, and any other appropriate relief.

8

## COUNT III

### (NEGLIGENT ASSAULT/O.R.C. SECTIONS 2903.14 AND 2901.22)

43. Plaintiff realleges paragraphs 1 through 42 as though fully restated herein.

44. While a student at MHS on May 22, 2024, Jane Doe 1 was assaulted and brutally beaten while on the premises of Defendant MHS by Jane Doe 2 and Jane Doe 3. During the violent and bloody negligent assault, a cell phone was used by Jane Doe 2 and Jane Doe 3 to crack the skull and seriously injure Jane Doe 1 so severely that the attack caused Jane Doe 1 to black out with a concussion.

45. Jane Doe 2 and Jane Doe 3 negligently caused serious harm by means of a deadly weapon or a dangerous ordnance as the cell phone used by Jane Doe 2 and Jane Doe 3 became an instrument, device, or thing capable of inflicting death and/or serious injury and that was possessed or used as a weapon by Jane Doe 2 and Jane Doe 3 causing serious bodily injury to the head and body of Jane Doe 1.

46. Jane Doe 1's mental and physical health were monumentally and negatively affected as Jane Doe 2 and Jane Doe 3's actions were negligent because of a substantial lapse from due care, and, Jane Doe 2 and Jane Doe 3 acted recklessly and negligently, and with deliberate indifference to Jane Doe 1, with a clear intent to seriously injure Plaintiff.

47. As a direct and proximate result of Jane Doe 2 and Jane Doe 3's actions, Plaintiff has suffered physical and emotional trauma, physical and emotional damages, anguish, medical damages, pecuniary and other economic damages.

48. As a direct and proximate result of Jane Doe 2 and Jane Doe 3's actions, Jane Doe 1 experienced severe emotional distress, physical harm and injury, educational setbacks, anxiety, and fear, and has suffered embarrassment, humiliation, loss of standing in the community and other hardships.

49. As a direct and proximate result of Jane Doe 2 and Jane Doe 3's actions, Jane Doe 1 has suffered and will continue to suffer, among other things, emotional trauma and physical impairment, entitling her to an award of compensatory and consequential damages, medical damages, psychological damages, punitive damages, attorneys' fees, and any other appropriate relief.

## COUNT IV

### (NEGLIGENCE)

50. Plaintiff realleges paragraphs 1 through 49 as though fully restated herein.

51. Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald's actions and/or inactions relative to Jane Doe 2 and Jane Doe 3's unwelcome assaults, harassment, and menacing, as well as Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald's failure to take corrective measures to mitigate and/or end the actions of Jane Doe 2 and Jane Doe 3 made conditions at MHS so intolerable that Jane Doe 1 was severely physically beaten by Jane Doe 2 and Jane Doe 3 on May 22, 2024 inside the hallway at MHS.

52. Defendants' actions and/or inactions relative to Jane Doe 2 and Jane Doe 3's unwelcome bloody assault and beatings, harassment, and menacing, as well as Defendants' failure to take reasonable care including corrective measures to mitigate and/or end the actions of Jane Doe 2 and Jane Doe 3, resulted in severe injury to Jane Doe 1.

53. Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald breached their duty of care owed to Jane Doe 1 as a public school system, faculty, and staff causing Jane Doe 1 to experience severe emotional distress, physical harm and injury, fear, anxiety, and educational setbacks.

54. As a direct and proximate result of Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald's negligence, Jane Doe 1 has suffered and will continue to suffer, among other things, emotional trauma and physical impairment, entitling her to an award of compensatory and consequential damages, medical damages, psychological damages, punitive damages, attorneys' fees, and any other appropriate relief.

## COUNT V

### (COMPLICITY/O.R.C. SECTION 2923.03)

55. Plaintiff realleges paragraphs 1 through 54 as though fully restated herein.

56. Plaintiff Jane Doe 1 was viciously and brutally attacked on May 22, 2024, in MHS by Jane Doe 2 and Jane Doe 3

57. On or about May 28, 2024, Jane Doe 1 and her mother met with the MHS School Resource Officer ("SRO) at MHS wherein Jane Doe 1 made her statement concerning the attack on May 22, 2024, to the SRO.

58. At that meeting Jane Doe 1 and her mother were informed that Jane Doe 2 and Jane Doe 3, upon information and belief, had been planning the attack on Plaintiff.

59. After that meeting, it was apparent to both Plaintiff and her mother that school district officials, faculty, staff, and/or administrators were aware of the potential for an altercation between Jane Doe 2, Jane Doe 3, and Plaintiff. Thus, Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald may have been in the position to prevent the felonious assault before it began.

60. As such, Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald may have aided or abetted another in committing the offense and/or may have caused an innocent or irresponsible person(s) to commit the felonious assault.

61. As a direct and proximate result of Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald's actions and/or inactions Jane Doe 1 has suffered and will continue to suffer, among other things, emotional trauma and physical impairment, entitling her to an award of compensatory and consequential damages, medical damages, psychological damages, punitive damages, attorneys' fees, and any other appropriate relief.

## COUNT VI

### (DISSEMINATING MATTER HARMFUL TO JUVENILES/O.R.C. SECTION 2907.31)

62. Plaintiff realleges paragraphs 1 through 61 as though fully restated herein.

63. Defendants Jane Doe 2 and Jane Doe 3, recklessly disseminated a video to Snapchat, with full knowledge of its character and content, which included felonious assault, violence, and exceedingly profane language, perpetrated by Jane Doe 2 and Jane Doe 3, in use and action against Jane Doe 1.

64. Defendants Jane Doe 2 and Jane Doe 3 directly delivered, furnished, disseminated, provided, exhibited, or presented to the entire world, material or performance that is obscene or harmful to individuals.

65. Jane Doe 1 experienced physical harm and injury, severe emotional distress, educational setbacks, anxiety, and fear as a direct result of Defendants' reckless actions, and Jane Doe 1 seeks justice and accountability highlighting the need for school district officials and administrators to take acts of felonious assault and harassment seriously.

66. At all times relevant to this action, Defendants acted unreasonably, recklessly, wantonly, willfully, knowingly, and with deliberate indifference to juvenile Jane Doe 1's safety.

67. As a direct and proximate result of Defendants' actions, Jane Doe 1 has suffered and will continue to suffer, among other things, emotional trauma and physical impairment, entitling her to an award of compensatory and consequential damages, medical punitive damages, attorneys' fees, and any other appropriate relief.

## COUNT VII
### (TITLE IX CLAIM/20 U.S.C. SECTIONS 1681–1688)

68. Plaintiff realleges paragraphs 1 through 67 as though fully restated herein.

69. Under Title IX, publicly funded schools are required to protect students from sex-based discrimination, which includes sexual harassment and sexual violence.

70. Title IX of the Education Amendments of 1972 prohibits sex (including pregnancy, sexual orientation, and gender identity) discrimination in any education program or activity receiving federal financial assistance.

71. Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald showed "deliberate indifference" and/or negligence to Jane Doe 1's safety and deliberately ignored and minimized sexual harassment and felonious assault against Jane Doe 1 by Jane Doe 2 and Jane Doe 3, despite being legally obligated to protect Jane Doe 1, and ensure a safe educational environment,

72, Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald allowed Jane Doe 2 and Jane Doe 3 to remain enrolled and continue their participation in school activities, without any creating a hostile environment that profoundly impacted Jane Doe 1's ability to benefit from her education.

73. Such "deliberate indifference" and/or negligence by Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald to Jane Doe 1's safety is a violation of her civil rights and a denial of due process and equal protection under the law.

74. Jane Doe 1 experienced severe emotional distress, physical harm, psychological harm, and injury, educational setbacks, anxiety, and fear as a direct result of Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald's negligence and deliberate indifference.

75. Thus, Jane Doe 1 seeks justice and accountability highlighting the need for school district officials and administrators to take acts of felonious assault and harassment seriously.

76. At all times relevant to this action, Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald acted unreasonably, negligently, recklessly, wantonly, willfully,

knowingly, intentionally, and with deliberate indifference and/or negligence to Jane Doe 1's safety and well-being.

77. As a direct and proximate result of Defendants MLSD, MHS, Douglas, Smith, Brady, Boepple, and Herald's discriminatory actions, Jane Doe 1 has suffered and will continue to suffer, among other things, emotional trauma and physical impairment, entitling her to an award of compensatory and consequential damages, medical damages, psychological damages, punitive damages, attorneys' fees, and any other appropriate relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Jane Doe 1, respectfully prays that this Court enter judgment against the above-named Defendants as follows:

1. Under Count I for compensatory damages in an amount in excess of $250,000, medical damages, psychological damages, punitive damages, consequential damages, damages for emotional pain, suffering, inconvenience, mental and physical anguish against Defendants together with pre- and post- judgment interest, attorneys' fees, and costs;

2. Under Count II for compensatory damages in an amount in excess of $250,000, medical damages, psychological damages, punitive damages, consequential damages, damages for emotional pain, suffering, inconvenience, mental and physical anguish against Defendants together with pre- and post- judgment interest, attorneys' fees, and costs;

3. Under Count III for compensatory damages in an amount in excess of $250,000, medical damages, psychological damages, punitive damages, consequential damages, damages for emotional pain, suffering, inconvenience, mental and physical anguish against Defendants together with pre- and post- judgment interest, attorneys' fees, and costs;

4. Under Count IV for compensatory damages in an amount in excess of $250,000, medical damages, psychological damages, punitive damages, consequential damages, damages for emotional pain, suffering, inconvenience, mental and physical anguish against Defendants together with pre- and post- judgment interest, attorneys' fees, and costs;

5. Under Count V for compensatory damages in an amount in excess of $250,000, medical damages, psychological damages, punitive damages, consequential damages, damages for emotional pain, suffering, inconvenience, mental and physical anguish against Defendants together with pre- and post- judgment interest, attorneys' fees, and costs;

6. Under Count VI for compensatory damages in an amount in excess of $250,000, medical damages, psychological damages, punitive damages, consequential damages, damages for emotional pain, suffering, inconvenience, mental and physical anguish against Defendants together with pre- and post- judgment interest, attorneys' fees, and costs;

7. Under Count VII for compensatory damages in an amount in excess of $250,000, punitive damages, consequential damages, damages for emotional pain, suffering, inconvenience, mental and physical anguish against Defendants together with pre- and post- judgment interest, attorneys' fees, and costs;

8. And, such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ John S. Lobur
John S. Lobur (0074410)
Attorney-at-Law
P.O. Box 454
Willoughby, Ohio 44096
PH: (440) 567-1200
Email: jsloburesq@aol.com
*Attorney for Plaintiff*

### JURY DEMAND

The Plaintiff hereby demands a trial by jury on any and all triable issues, such demand being made pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/ John S. Lobur
John S. Lobur
*Attorney for Plaintiff*